IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

PLANTATION SPINAL CARE CENTER, INC.,     CASE NO.
a Florida corporation, a/a/o Alejandro Leal, on
behalf of itself and all others similarly situated,     CLASS REPRESENTATION

        Plaintiff,

v.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

        Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, PLANTATION SPINAL CARE CENTER, INC., a Florida corporation, a/a/o Alejandro Leal, ("Plaintiff" or "PLANTATION SPINAL"), on behalf of itself and all others similarly situated, brings this Class Action against Defendant, PROGRESSIVE AMERICAN INSURANCE COMPANY ("PROGRESSIVE AMERICAN" or "Defendant"), and alleges as follows:

### Jurisdiction, Parties, and Venue

1. This is an action asserting class action claims for declaratory relief, injunctive relief, and compensatory damages relief pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and/or (b)(3).

2. The Plaintiff, PLANTATION SPINAL is a Florida corporation providing chiropractic services with its principal place of business in Plantation, Broward County, Florida.

3. At all times material hereto, Alejandro Leal was a patient at Plaintiff, PLANTATION SPINAL, who is and/or was an insured under an automobile insurance policy

providing personal injury protection ("PIP") benefits issued by the Defendant, PROGRESSIVE AMERICAN, and who assigned his rights and benefits of said automobile insurance policy to Plaintiff, PLANTATION SPINAL. This action is brought as a result of PROGRESSIVE AMERICAN's breach of the terms of said automobile insurance policy and the Florida PIP Statute, as more specifically set forth herein.

4. PROGRESSIVE AMERICAN is an Ohio corporation, doing business under the laws of the State of Florida, and at all material times, sold automobile insurance coverage subject to the "Florida Motor Vehicle No-Fault Law" or the "PIP Statute".

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the minimum jurisdictional requirements for this Court and because this is a class action in which Plaintiff, along with all of the members of the putative class, are citizens of Florida, a state different from the Defendant. Moreover, this is a class action for monetary, declaratory and injunctive relief the value of which in the aggregate exceeds $5,000,000 exclusive of all costs and attorney's fees, and the number of putative class members is at least one hundred (100).

6. Venue for this action is proper in this Court because Defendant holds a certificate of authority to transact business in Florida, is registered to transact business in Florida, and is incorporated as a foreign corporation in Florida. Additionally, a substantial portion of the wrongdoing alleged in this Complaint took place in this District.

7. Venue is proper in Broward County, Florida, because the Plaintiff is a corporation doing business in Broward County, Florida; the Defendant has offices throughout Florida including in Broward County, Florida; the Defendant transacts business in Broward County, Florida, and/or one or more of the causes of action set forth below arose and/or accrued in Broward County, Florida.

8. All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

## NATURE OF THE ACTION

9. This action seeks monetary, declaratory and injunctive relief based upon the Defendant's failure to pay the proper amount of reimbursements to the Plaintiff and the Class for certain medical services provided to the Defendant's insureds.

10. Specifically, Plaintiff, PLANTATION SPINAL, on behalf of itself and the members of the Class, seeks the determination that the Defendant engaged in an improper uniform business practice of failing to properly apply the deductible authorized under Florida Statute Section 627.739(2) when calculating the amount of personal injury protection benefits due to Plaintiff and all Class members, in violation of the Defendant's insurance policies and the Florida Motor Vehicle No-Fault Law.

## BACKGROUND INFORMATION

### Defendant's Insured

11. On or about May 1, 2015, Alejandro Leal ("Leal") was involved in a motor vehicle accident, and as a result, sustained bodily injuries related to the operation, maintenance, or use of a motor vehicle.

12. At all times material hereto, Leal was a contracting party and/or a named insured and/or an omnibus insured under an automobile insurance policy issued by PROGRESSIVE AMERICAN, with Policy number XXXXX180-6, which policy was in full force and effect, and provided Personal Injury Protection ("PIP") benefits coverage as required by Florida law.

13. As a result of the injuries sustained by Leal, Leal sought and received reasonable, related, and necessary medical services from PLANTATION SPINAL.

14. On or about May 5, 2015, Leal executed an Assignment of Benefits assigning all

3

of his benefits under the subject policy to PLANTATION SPINAL. The purpose of the assignment was to authorize PLANTATION SPINAL to bill PROGRESSIVE AMERICAN directly for the medical services provided to Leal, and to require PROGRESSIVE AMERICAN to pay PLANTATION SPINAL directly at its home office. In other words, PLANTATION SPINAL stepped into Leal's shoes and became a party to the insurance contract. *See* Assignment of Benefits attached hereto as Exhibit "A".

15. As the assignee of Leal's PIP benefits, PLANTATION SPINAL billed PROGRESSIVE AMERICAN for medical services provided to Leal.

16. Plaintiff provided medical services to Leal commencing May 5, 2015 and billed Defendant $3,220 for services provided to Leal from May 5, 2015 through May 20, 2015. Instead of applying its insured's $1000 deductible to 100 percent (100%) of the expenses, Defendant improperly reduced the total billed amount by first applying the reimbursement limitations provided in Florida Statute Section 627.736(5)(a)1.f.(I), and then subtracted the $1000 deductible.

17. The plain language of Florida Statute Section 627.739(2) required Defendant to subtract Leal's deductible from PLANTATION SPINAL's total charges before applying section 627.736(5)(a)1.f.(I)'s reimbursement limitations.[1] As a result, Defendant failed to properly pay PLANTATION SPINAL the full correct amount for services rendered to Defendant's insured.[2]

---

[1] Defendant should have applied its insured's $1000 deductible to the total billed amount ($3,220 - $1000) and then applied section 627.736(5)(a)1.f.(I)'s reimbursement limitations to calculate the allowable amount. This proper application of the deductible would have resulted in PROGRESSIVE AMERICAN's payment of $1,407.97 which was the proper total payable amount to PLANTATION SPINAL for the dates of service at issue. As a result of Defendant improperly applying the fee schedule reductions first and then the deductible, Plaintiff was only paid $1,211.79, an improper reduction of $196.18 for these dates of service. Therefore, Defendant owes Plaintiff $196.18.

[2] *See PROGRESSIVE AMERICAN Ins. Co. v. Fla. Hosp. Med. Ctr.,* Case number SC18-278 (Fla. December 28, 2018).

4

18. Notwithstanding PROGRESSIVE AMERICAN's representations in its Explanation of Benefits, the subject claims were improperly processed in direct violation of PROGRESSIVE AMERICAN's insurance policy and Florida Statutes Section 627.736.

19. PROGRESSIVE AMERICAN has issued policies like the one issued to Leal providing PIP benefits coverage to thousands of other Florida residents and has consistently improperly processed claims submitted by Plaintiff and members of the Class as a result of its improper application of the deductible.

**Florida Motor Vehicle No-Fault Law**

20. Since its adoption in 1972, Florida has operated under what is commonly known as a "no-fault" system for automobile liability pursuant to the "Florida Motor Vehicle No-Fault Law" in Chapter 627, Sections 627.730 through 627.7405 of the Florida Statutes.

21. Under the Florida Motor Vehicle No-Fault Law, automobile operators are required to secure automobile insurance including PIP benefits coverage that provides a minimum of $10,000 in combined medical expense and lost wage coverage payable to the insured if the insured is involved in an automobile accident and suffers covered losses, regardless of fault. *See, e.g.,* Fla. Stat. § 627.736(1)(a).

22. In 2007, the Florida Legislature adopted a permissive fee schedule which permitted insurance carriers to utilize the Medicare Part B Participating Provider fee schedule as a per se determination of the "reasonable" amount for medical services. Florida Statute Section 627.736 sets forth various fee schedules but the one applicable for the services material to this action is the Medicare Part B Participating Fee Schedule, which is the formula to be used pursuant to 42 U.S.C. § 1395w(b)(1).

23. Defendant, at all times material, has elected to adopt the fee schedule permitted by Section 627.736, Florida Statutes, into its policies, and has asserted that it provided adequate notice

of the election to use the actual fee schedule.[3]

24.     The Florida PIP Statute was amended in 2014 to incorporate the fee schedule for the payment of claims as follows:

>  **(5) Charges for treatment of injured persons.**
>
>  (a) A physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge the insurer and injured party only a reasonable amount pursuant to this section for the services and supplies rendered, and the insurer providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment if the insured receiving such treatment or his or her guardian has countersigned the properly completed invoice, bill, or claim form approved by the office upon which such charges are to be paid for as having actually been rendered, to the best knowledge of the insured or his or her guardian. However, such a charge may not exceed the amount the person or institution customarily charges for like services or supplies. In determining whether a charge for a particular service, treatment, or otherwise is reasonable, consideration may be given to evidence of usual and customary charges and payments accepted by the provider involved in the dispute, reimbursement levels in the community and various federal and state medical fee schedules applicable to motor vehicle and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service, treatment, or supply.
>
>  >  1.  *The insurer may limit reimbursement to 80 percent of the following schedule of maximum charges:*
>  >
>  >  f.  *For all other medical services, supplies, and care, 200 percent of the allowable amount under:*
>  >
>  >  (I)     *The participating physicians fee schedule of Medicare Part B,* except as provided in sub-sub-

---

[3] The applicable fee schedule under Medicare is the fee schedule in effect on March 1 of the service year in which the services, supplies, or care is rendered and for the area in which such services, supplies, or care is rendered, and the applicable fee schedule applies to services, supplies, or care rendered during that service year, notwithstanding any subsequent change made to the fee schedule or payment limitation, except that it may not be less than the allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B. For purposes of this subparagraph, the term "service year" means the period from March 1 through the end of February of the following year.

subparagraphs (II) and (III).

25. Pursuant to Florida law an insurance company cannot provide lesser coverage than as required under the statute, but can provide greater coverage.

26. Notwithstanding the foregoing statutory language, Defendant, as a general business practice, has improperly applied its insureds deductibles when calculating the amount of PIP benefits payable to PLANTATION SPINAL and all Class members in violation of the Florida PIP Statute and its own policies.

**Defendant's Improper Deductible Interpretation of § 627.739(2), Florida Statutes (2014)**

27. Florida Statute Section 627.739 is the statutory provision related to the proper application of the deductible which states, in pertinent part:

> Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, and $1,000. *The deductible amount must be applied to 100 percent of the expenses and losses* described in s. 627.736. *After the deductible is met*, each insured is eligible to receive up to $10,000 in total benefits described in s.627.736(1). However, this subsection shall not be applied to reduce the amount of any benefits received in accordance with s. 627.736(1)(c).

*See* § 627.739(2), Fla. Stat. (2014) (emphasis added).

28. The plain language of section 627.739(2) requires that the deductible be applied to 100% of the expenses and losses before the application of any reduction methodologies in section 627.736(5)(a)1.f.(I).

29. PLANTATION SPINAL, on behalf of itself and all others similarly situated, alleges that Defendant uniformly and systematically improperly applied the deductible to reduce the payments of claims submitted by PLANTATION SPINAL and Class members for medical services rendered to its insureds.

30. The resulting common injury that Defendant caused PLANTATION SPINAL and Class members stems from Defendant's misinterpretation of Florida Statute Section 627.739(2)

and the improper application of the deductible after the applying the statutory reimbursement limitations provided in section 627.736(5)(a)1.f.(I).

## CLASS ACTION ALLEGATIONS

31. Pursuant to Fed. R. Civ. P. 23(a), (b)(1), (2), and/or (3), Plaintiff, together with such other members of the Class that may join this action as class representatives, hereby brings Counts I through III of this action on its own behalf and on behalf of all those similarly situated whose claims were improperly processed by the Defendant based, in whole or in part, on its unlawful interpretation and/or application of its insureds deductibles pursuant to section 627.739(2), Florida Statutes (2014).

32. As used herein, the Class Period is December 28, 2013 through the present and the Class consists of and is defined as follows:

> All Florida healthcare providers who (a) are/were the assigns or assignees of covered insureds under an automobile insurance policy issued by PROGRESSIVE AMERICAN as described in Fla. Stat. § 627.736(1)(a); and (b) who at any time during the Class Period submitted bills to PROGRESSIVE AMERICAN for payment of PIP benefits for medical services; and (c) PROGRESSIVE AMERICAN improperly processed the claims for such medical services by improperly applying the statutory reimbursement limitations first and then subtracting the deductible from that amount.

> Excluded from the Class are persons and/or entities who timely opt-out of this proceeding using the correct protocol for opting-out that will be formally established by this Court; the Defendant; any subsidiary or affiliate of the Defendant; the directors, officers and employees of the Defendant or its subsidiaries or affiliates; any entity in which any excluded person has a controlling interest; the legal representatives, heirs, successors and assigns of any excluded person; and member of the federal judiciary including the judge assigned to this case along with any persons within the third degree of consanguinity to such judge.

33. Plaintiff and the members of the Class reserve the right to amend the Class definition as discovery proceeds and to conform to the evidence.

34. <u>Numerosity (Rule 23(a)(1))</u>.  While the exact number of members in the Class is

unknown at this time, Plaintiff alleges that there are thousands of Florida residents who are/were insured through policies issued by Defendant who assigned their benefits to Florida healthcare providers during the Class Period. Moreover, Plaintiff alleges that there are thousands of Florida healthcare providers who submitted claims to Defendant for medical services provided and that PROGRESSIVE AMERICAN has had a general business practice of improperly processing their claims by improperly applying the statutory limitations of Florida Statutes Section 627.736(5)(a)1.f.(I) first and then subtracting the deductible from that amount. As a result, the number of Class members is so numerous that separate joinder of each member is impracticable.

35.     The Class members will be easily discovered through PROGRESSIVE AMERICAN's records which will disclose all claims information related to the improper application of the deductible including each Class member and claim for which PROGRESSIVE AMERICAN improperly processed the claim. This data will enable the Plaintiff to easily determine common action and liability as well as damages for all putative Class members' claims.

36.     <u>Commonality (Rule 23(a)(2))</u>.  This action poses questions of law and fact that are common to and affect the rights of all Class members. Such questions of law and fact common to the Class include the following:

  a. Whether PROGRESSIVE AMERICAN has been improperly applying the statutory reimbursement limitations first and then subtracting the deductible from that amount;

  b. Whether PROGRESSIVE AMERICAN breached its insurance policy(ies);

  c. Whether PROGRESSIVE AMERICAN has improperly interpreted and/or applied section 627.739(2), Florida Statutes (2014);

  d. Whether the Plaintiff and the Class are entitled to declaratory relief to determine the parties' respective rights and obligations concerning the provisions of PROGRESSIVE AMERICAN's policies;

  e. Whether the Plaintiff and the Class are entitled to injunctive relief to require PROGRESSIVE AMERICAN to cease and desist from continuing to violate

     Florida Statutes Section 627.739(2) and its own insurance policies;

  f. Whether the Plaintiff and the Class are entitled to compensatory relief for the amount of medical benefit claims PROGRESSIVE AMERICAN failed to pay in violation of Florida Statutes Section 627.739(2) and its own insurance policies, plus prejudgment interest;

  g. Whether the Plaintiff and the Class are entitled to information notice to inform them that PROGRESSIVE AMERICAN has not properly paid claims that were submitted for payment.

37. <u>Typicality (Rule 23(a)(3))</u>.  Based upon the facts and legal claims or questions of law set forth herein, Plaintiff's claims are typical of the claims of the Class in that, in proving its claims, Plaintiff will simultaneously prove the claims of all Class members.  There is a sufficient relationship between the injuries suffered by Plaintiff and the members of the Class as a result of Defendant's conduct, and Plaintiff has no interest adverse to the interests of other Class members.  Plaintiff and each Class member is a health care provider who is an assignee of Defendant's standardized automobile insurance policy, whose claims submitted pursuant to Defendant's PIP policy benefits have been improperly processed based solely on the Defendant's improper reduction of their payments in violation of Florida Statute Sections 627.736 and 627.739, and its own insurance policy.

38. Further, other individual plaintiffs may elect to join this action upon such grounds as the Court may set forth and these individual plaintiffs will likewise have issues that are common to those of all other Class members.

39. <u>Adequacy (Rule 23(a)(4))</u>. The Plaintiff is a health care provider doing business in Florida that has no conflicts of interest and will fairly and adequately represent and protect the interests of the Class.  Plaintiff is aware of their responsibility as a Class Representative and has retained undersigned counsel who are competent and have more than twenty (20) years of experience prosecuting Class actions.  As a result, the undersigned attorneys are qualified and

experienced in Class action litigation and will adequately protect the interests of the Class.

40. <u>Superiority</u>. A Class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all of the members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

   A. Absent a Class, the members of the Class will continue to suffer damages and PROGRESSIVE AMERICAN's unlawful conduct will continue without remedy;

   B. Given the size of individual Class members' claims, few, if any, Class members could afford to or would seek legal redress individually for the wrongs PROGRESSIVE AMERICAN has committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

   C. When the liability of PROGRESSIVE AMERICAN has been adjudicated, claims of all Class members can be administered efficiently and/or determined uniformly by the Court; and

   D. The action presents no difficulty that would impede its management by the Court as a Class action which is the best available means by which Plaintiff and the members of the Class can seek redress for the harm caused to them by PROGRESSIVE AMERICAN.

41. <u>Rule 23(b)(2)</u>. Under Counts I and II below, Plaintiff brings this Class action pursuant to Fed. R. Civ. P. 23(b)(2) on the grounds that PROGRESSIVE AMERICAN's actions or omissions as alleged herein, are generally applicable to all members of the Class thereby making declaratory relief concerning the Class as a whole particularly appropriate. PROGRESSIVE AMERICAN systematically and routinely improperly interpreted and/or applied its policies and Florida Statute Sections 627.736 and 627.739, adversely affecting Plaintiff and each Class member.

42. Because Plaintiff seeks declaratory relief for Class members under Rule 23(b)(2), the prosecution of separate declaratory actions by individual members of the Class would create a

risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for PROGRESSIVE AMERICAN. Further, adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the adjudication and may impair and impede their ability to protect their interests.

43. <u>Rule 23 (b)(3)</u>. With respect to Count III below, Plaintiff brings this Class action pursuant to Fed. R. Civ. P. 23(b)(3) on the grounds that PROGRESSIVE AMERICAN's actions in violation of Florida Statute Sections 627.736 and 627.739 and its own insurance policies because of its failure to pay the full amount due to Class members by improperly applying the statutory reimbursement limitations first and then subtracting the deductible from that amount, make PROGRESSIVE AMERICAN liable to Plaintiff and all of the members of the Class for their unpaid benefits.

## COUNT I
## CLASS ACTION FOR DECLARATORY JUDGMENT

44. Plaintiff and the members of the Class repeat and reallege each and every allegation contained in paragraphs 1 through 43 above as if the same were fully alleged herein.

45. Pursuant to the provisions of 28 U.S.C. § 2201, this case involves an actual controversy within the jurisdiction of this Court and Plaintiff, PLANTATION SPINAL and the members of the Class ask the Court to declare the rights of the Plaintiff, PLANTATION SPINAL and Class members.

46. In pertinent part, Fla. Stat. § 627.736(10) states the following:

> DEMAND LETTER.-
>
> (a) As a condition precedent to filing any action for <u>benefits</u> under this section, the insurer must be provided with written notice of an intent to initiate litigation. Such notice may not be sent until the claim is overdue, including any additional time the insurer has to pay the claim pursuant to

paragraph (4)(b).

(Emphasis added). Because Count I only seeks declaratory relief, it is not an "action for benefits" pursuant to § 627.736, and a pre-suit demand letter is not a condition precedent to the initiation of this action.

47.     During the Class period, Plaintiff, PLANTATION SPINAL and all Class members have submitted claims for PIP benefits to PROGRESSIVE AMERICAN for payment under PROGRESSIVE AMERICAN's standardized automobile insurance policy.

48.     Defendant entered into valid insurance policies with its insureds whose benefits were properly assigned to Plaintiff, PLANTATION SPINAL and Class members. Defendant's insurance policies were written by the Defendant, and provided PIP benefits including the application of the relevant deductible pursuant to Florida Statute Section 627.739(2).

49.     Plaintiff, PLANTATION SPINAL, alleges, and the Florida Supreme Court has confirmed (*see* footnote 2 *supra*) that the correct interpretation of section 627.739(2) is that, when calculating the amount of PIP benefits due, the insureds' deductible is to be subtracted from the total medical charges before applying the statutory reimbursement limitations provided in section 627.736(5)(a)1.f.(I), Florida Statutes (2014).

50.     Despite the plain language of the PIP Statute, the Defendant has continuously and systematically violated the PIP Statute by improperly applying the statutory reimbursement limitations first and then subtracting the deductible for all claims submitted by Plaintiff, PLANTATION SPINAL and Class members.

51.     Plaintiff, PLANTATION SPINAL and Class members allege that based upon the plain language of the PIP Statute, the Defendant was not lawfully authorized to reduce the payment of claims by improperly applying the deductible. Despite the express and unambiguous terms of the PIP Statute, the Defendant continuously and systematically improperly applies the deductible

to all claims submitted by Plaintiff, PLANTATION SPINAL and Class members for medical services.

52. Accordingly, Plaintiff, PLANTATION SPINAL and Class members are in doubt about their rights, and a bona fide present controversy exists between the Plaintiff, PLANTATION SPINAL and Class members, and the Defendant concerning the proper interpretation and/or application of the PIP Statute and the language of Defendant's insurance policy, and the parties' respective rights and obligations thereunder, with respect to issues which include but are not limited to whether, during the Class Period, the Defendant has been lawfully authorized to reduce payments made to Plaintiff, PLANTATION SPINAL and Class members as a result of the improper application of the deductible.

53. The rights, status, or other equitable or legal relations of the parties are affected by Fla. Stat. §§ 627.736 and 627.739. Accordingly, pursuant to 28 U.S.C. § 2201, the Plaintiff, PLANTATION SPINAL and Class members may obtain a declaration of rights, status, or other equitable or legal relations thereunder.

54. Plaintiff, PLANTATION SPINAL and Class members allege the foregoing claim for declaratory relief pursuant to Fed. R. Civ. P. 8(d)(3).

55. Plaintiff, PLANTATION SPINAL has retained the undersigned counsel to prosecute this action and is entitled to recover its reasonable attorneys' fees and costs pursuant to Fla. Stat. § 627.428.

## COUNT II
## CLASS ACTION FOR INJUNCTIVE RELIEF

56. Plaintiff and the members of the Class repeat and reallege each and every allegation contained in paragraphs 1 through 43 above as if the same were fully alleged herein.

57. This is a class action for injunctive relief brought by the Plaintiff, PLANTATION

SPINAL and the members of the Class against the Defendant.

58. In pertinent part, Fla. Stat. § 627.736(10) states the following:

DEMAND LETTER.-

(a) As a condition precedent to filing any action for <u>benefits</u> under this section, the insurer must be provided with written notice of an intent to initiate litigation. Such notice may not be sent until the claim is overdue, including any additional time the insurer has to pay the claim pursuant to paragraph (4)(b).

(Emphasis added).

59. Because Count III only seeks injunctive relief, it is not an "action for benefits" pursuant Florida Statute Section 627.736, and a pre-suit demand letter is not a condition precedent to the initiation of this action.

60. Defendant has violated Fla. Stat. § 627.739 as set forth above and, as a result, has violated the cognizable legal rights of the Plaintiff, PLANTATION SPINAL and the Class members pursuant to the Defendant's insurance policies and the PIP Statute.

61. Defendant continues to retain monies due and owing to Plaintiff, PLANTATION SPINAL and Class members for medical services provided by Plaintiff, PLANTATION SPINAL and Class members which should have been paid by Defendant from its insureds' PIP benefits.

62. The Plaintiff, PLANTATION SPINAL and Class members have suffered and will continue to suffer irreparable injury if the Defendant is permitted to continue its violation of Florida Statute Section 627.739 as a basis to unlawfully reduce its payments for valid bills for medical services provided to the Defendant's PIP insureds. Examples of such irreparable injury include but are not limited to the following:

(a) Absent injunctive relief requiring the Defendant to cease and desist from its continuing wrongful conduct, the Plaintiff, PLANTATION SPINAL and Class members are left in the untenable position of having to address the Defendant's continuing and ongoing wrongs with a multiplicity of lawsuits, in the various different county courts across the State of Florida, with the risk of suffering

       inconsistent and varying results.

  (b)  The PIP statute requires that, when calculating the amount of PIP benefits due, the deductible is to be subtracted from the total medical charges before applying the statutory reimbursement limitations provided in section 627.736(5)(a)1.f.(I), Florida Statutes (2014), and Defendant should not be permitted to reduce payment of claims submitted to it by improperly applying the statutory reimbursement limitations first and then subtracting the deductible from that amount.

  (c)  The Defendant's continuing and ongoing unlawful conduct places its own PIP insureds at risk that healthcare providers will refuse to treat them without receiving full payment in advance of receiving healthcare services needed to properly treat and/or diagnose their health condition, and this will lead to incalculable or unascertainable losses to third parties.

63.    Plaintiff, PLANTATION SPINAL and Class members have a clear legal right to seek an injunction requiring that the Defendant cease and desist from continuing to violate Fla. Stat. § 627.739 by unlawfully reducing payment of valid bills for medical services provided to the Defendant's PIP insureds.

64.    The language of the PIP Statute is clear and unambiguous and, as a result, Plaintiff, PLANTATION SPINAL's and Class members' claim are meritorious and has a substantial likelihood of success. Despite the plain and statutory language, Defendant has violated and continues to violate the PIP Statute to the detriment of the Plaintiff, PLANTATION SPINAL and Class members.

65.    The Plaintiff, PLANTATION SPINAL and the Class members have no other adequate remedy at law by virtue of the Defendant's course of conduct.

66.    Irreparable injury has been suffered and will continue to be suffered unless a permanent injunction is issued to prevent the Defendant from continuing to unlawfully limit Plaintiff, PLANTATION SPINAL and the Class members PIP benefits under their insurance policies with the Defendant in direct violation of Fla. Stat. § 627.739.

67.    Any potential injury to Defendant attributable to an injunction providing that it

must follow the clear and unambiguous language of Fla. Stat. § 627.739 is outweighed by the injury that Plaintiff, PLANTATION SPINAL, Class members and the public will suffer if such injunction is not issued, and such injunction would not be adverse to the public interest.

68. Plaintiff, PLANTATION SPINAL, and Class members allege the foregoing claim for injunctive relief pursuant to Fed. R. Civ. P. 8(d)(3).

69. Plaintiff, PLANTATION SPINAL, has retained the undersigned counsel to prosecute this action and is entitled to the recovery of its reasonable attorneys' fees and costs pursuant to § 627.428, Florida Statutes.

## COUNT III
## CLASS ACTION FOR BREACH OF CONTRACT
## (UNPAID PIP BENEFITS)

70. Plaintiff, PLANTATION SPINAL, and the members of the Class repeat and reallege each and every allegation contained in paragraphs 1 through 43 above as if fully alleged herein.

71. Plaintiff, PLANTATION SPINAL and Class members allege a breach of contract claim against the Defendant for unpaid PIP benefits in violation of Fla. Stat. § 627.739 and Defendant's own insurance policies.

72. In pertinent part, Fla. Stat. § 627.736(10) states the following:

DEMAND LETTER.-

(a) As a condition precedent to filing any action for benefits under this section, the insurer must be provided with written notice of an intent to initiate litigation. Such notice may not be sent until the claim is overdue, including any additional time the insurer has to pay the claim pursuant to paragraph (4)(b).

(Emphasis added).

73. Plaintiff, PLANTATION SPINAL, and the Class members satisfied the pre-suit requirements of Fla. Stat. § 627.736(10) because Plaintiff, PLANTATION SPINAL and Class

17

members sent Defendant pre-suit demand letters prior to instituting this action.

74. Despite receiving the Plaintiff, PLANTATION SPINAL and Class members' demand letters, Defendant failed to timely pay the appropriate amount of PIP benefits required by §§ 627.736 and 627.739.

75. As a result of Defendant's failure to timely pay the appropriate amount of PIP benefits, Defendant violated Fla. Stat. § 627.739(2) and breached the Plaintiff, PLANTATION SPINAL's, and the Class members' PIP insurance policies.

76. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff, PLANTATION SPINAL and Class members have suffered damages.

77. Plaintiff, PLANTATION SPINAL, and the members of the Class hereby demand that the amount of benefits necessary to satisfy their claims be placed in escrow during the pendency of this litigation in order to insure that such benefits are not exhausted.

78. Plaintiff, PLANTATION SPINAL has retained the undersigned counsel to prosecute this action and is entitled to the recovery of its reasonable attorneys' fees and costs pursuant to § 627.428, Florida Statutes.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, pursuant to Chapter 86, Florida Statutes, and 28 U.S.C. § 2201 hereby respectfully requests this Honorable Court to award the following relief against the Defendant:

(a) Issue an Order certifying that Counts I through III are properly maintainable as a Class action under Fed. R. Civ. P. 23(b)(l), (2), and/or (3) and appointing the Plaintiff to represent the Class defined herein, and appointing the undersigned law firms as Class Counsel;

(b) Issue an Order granting a declaratory judgment under Count I, declaring the parties'

   respective rights and obligations under Fla. Stat. §§ 627.736 and 627.739(2), and the Defendant's PIP insurance policies;

(c) Issue an Order granting a temporary and/or permanent injunction under Count II, requiring the Defendant to cease and desist from continuing to utilize and rely upon an unlawful application of sections 627.736(5)(a)1.f.(I), and 627.739(2), Florida Statutes (2014) in the payment of claims submitted by healthcare providers, which application is in violation of the PIP Statute and Defendant's insurance policies;

(d) Issue an Order awarding Plaintiff and the Class' damages representing full payment of their PIP benefits as required under §§ 627.736 and 627.739, including prejudgment interest and interest on all benefits that were not timely paid;

(e) Issue an Order requiring the Defendant to pay the Plaintiff and the Class their reasonable attorneys' fees and costs pursuant to Florida Statutes §§ 627.428 and/or § 627.736(8);

(f) Issue an Order requiring Defendant provide notice to all Class members regarding the rulings, findings, and declarations in this action and their legal rights with respect to PROGRESSIVE AMERICAN's improper reduction of their PIP benefits and violation of their policy and the PIP Statute; and

grant such other relief as this Honorable Court deems appropriate.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, requests trial by jury on all issues so triable.

Dated: December 28, 2018     Respectfully submitted,

/s/ *Tod Aronovitz*
Tod Aronovitz (FBN 186430)
ta@aronovitzlaw.com
Barbara Perez (FBN 989304)
bp@aronovitzlaw.com
**ARONOVITZ LAW**
2 South Biscayne Boulevard
One Biscayne Tower, Suite 3700
Miami, FL 33131
Tel: 305-372-2772
Fax: 305-397-1886

Theophilos Poulopoulos (FBN 98070)
theo@injuredinflorida.com
**SCHILLER, KESSLER & GOMEZ, PLC**
7501 W. Oakland Park Boulevard
Suite 201
Ft. Lauderdale, FL 33319
Tel: 954-933-3000
Fax: 954-667-5805